IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOSEPH WATERS, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO.: CV206-274 |
| JOSE VAZQUEZ, Warden, | : |
| Respondent. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Waters ("Waters"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). The Government ("Respondent") has filed a Return on the Court's Order to Show Cause (Doc. No. 4), to which Waters has filed a Response (Doc. No. 6). Respondent subsequently filed a Supplemental Return on the Order to Show Cause. (Doc. No. 7). For the following reasons, Waters' Petition should be **DENIED**.

## STATEMENT OF THE CASE

Waters was convicted in the District of South Carolina of Conspiracy to Possess with Intent to Distribute Cocaine and Crack Cocaine, Distribution and Possession With Intent to Distribute Less Than 500 Grams of Cocaine/Aiding and Abetting, and Distribution and Possession with Intent to Distribute 50 Grams or More of Crack Cocaine/Aiding and

AO 72A
(Rev. 8/82)

Abetting. (Gov. Exh. 1, p. 2). Waters was sentenced to serve 72 months' confinement. (Gov. Exh. 1, p. 2). On November 14, 2005, while incarcerated at the Federal Prison Camp in Edgefield, South Carolina, Waters was charged with Possession of a Sharpened Instrument after a correctional officer discovered a four-inch sharpened object under his mattress during a shakedown search of the cubical he shared with another inmate. (Doc. No. 1, p. 1; Doc. No. 4, p. 3; Gov. Exh. 2). On November 14, 2005, this Incident Report was delivered to Waters notifying him of the charge. (Gov. Exh. 2). The matter was referred to the Unit Discipline Committee ("UDC"), which conducted an initial hearing on November 15, 2005. (Gov. Ex. 2). The UDC made no disposition and referred the matter to the Disciplinary Hearing Officer ("DHO"), who conducted a hearing on December 19, 2005 and concluded that Waters had committed the prohibited act as charged. (Gov. Exh. 5). The DHO sanctioned Waters to forty-five (45) days' segregation, disallowance of forty (40) days' Good Conduct Time, and loss of commissary privileges for six months. (Gov. Exh. 5).

Throughout the course of the investigation and prosecution of the offense, Waters maintained that the weapon, or "shank," was not his, and that the object could have been planted under his mattress by any of the inmates in his housing unit. (Doc. No. 1, p. 2; Gov. Exh. 2; Gov. Exh. 5). In this petition for writ of habeas corpus, Waters contends that his conviction of this disciplinary offense was not supported by at least "some evidence," as is required to satisfy due process. (Doc. No. 1, p. 2). Waters contends that this deficiency resulted in the denial of his right to due process of law. (Id.). Waters asserts that this Court should expunge his conviction for possessing a weapon and should restore the loss of his good conduct time. (Id. at 3).

Respondent asserts that although other inmates lived in Waters' housing unit, the shank was found underneath Waters' mattress, and that this fact constitutes "some evidence" of his guilt. (Doc. No. 7, p. 2). Respondent further contends that Waters presented no evidence other than his own denial that the shank found under his mattress did not belong to him. (Id.).

## DISCUSSION AND CITATION OF AUTHORITY

A plaintiff states a cognizable claim for the deprivation of his procedural due process rights where he alleges the deprivation of "life, liberty, or property." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974); U.S. Const. Amend. XIV, § 1 (providing, in pertinent part, that "nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."). The deprivation of good time credit clearly implicates a liberty interest. Wolff, 418 U.S. 558, 94 S. Ct. at 2976 (holding that a prisoner's liberty must be protected even where, as is the case with good conduct time, the liberty interest itself is a statutory creation of the state). The Supreme Court has held that a finding of "some evidence" in the record to support the decision of a prison disciplinary board is necessary to satisfy the requirements of due process. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985). The determination of whether this standard is satisfied merely requires inquiry into "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56, 105 S. Ct. at 2774.

This Court finds that there is "some evidence" in the record to support the DHO's determination as to Waters' guilt. The DHO considered Waters' own statements, the statements of the officer who discovered the shank, and the photograph of the weapon in

3

question. (Gov. Exh. 5, p. 3). It is not the role of this Court to determine the propriety of the evidence, only that there is some evidence in the record to support the findings of the DHO. See Hill, 472 U.S. at 455, 105 S. Ct. at 2774. The DHO clearly based the decision of guilt on some evidence, and thus Waters' due process rights were not violated.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)