IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB -8  A 11: 28

CLERK
S. DIST. OF GA.

JOSEPH WATERS,

    Petitioner,

vs.

JOSE VAZQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-274

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation. Petitioner has filed his Objections to the Magistrate Judge's findings, Respondents have filed a Response, and Petitioner has filed a Reply in further support of his position. In his Objections, Petitioner contends that his disciplinary conviction of Possession of a Sharpened Instrument at the Federal Correctional Institution in Jesup, Georgia was not supported by "some evidence." Petitioner asserts, as he did in his original petition, that he "was neither present nor in the proximity of his cubicle when the weapon was discovered by prison officials" and that because over one hundred other inmates live in his housing unit, the conviction cannot be supported.

Petitioner cites in support of his position Broussard v. Johnson, 253 F.3d 874 (5th Cir. 2001), a case in which the Fifth Circuit overturned a prison disciplinary conviction because it found no evidence in support of the conviction. In that case, an inmate was convicted of possession of contraband intended for use in an escape,

based upon a confidential informant's tip and the fact that bolt cutters were found in a kitchen where the inmate worked. Id. at 875. The court found that the unidentified informant's tip could not serve as probative evidence of guilt, and thus the only remaining evidence was the presence of the bolt cutters in the inmate's work space. The court rejected this as a basis for the conviction, holding that "the only evidence linking Broussard to the bolt cutters is that they were found in an area in which he worked, but to which approximately one hundred inmates had access. We agree with the district court that such evidence is insufficient to satisfy even the 'some evidence' standard." Id. at 877.

Petitioner seeks to draw an analogy between his circumstances and those of Broussard, because he claims that over one hundred other inmates were housed in his unit and had access to his cubicle. Broussard, while not binding precedent upon this Court, is factually distinct from Petitioner's case. In the case before this Court, the contraband was discovered *underneath Petitioner's mattress*, not in a kitchen shared by other inmates. While Petitioner's housing unit may have been populated by many other inmates living in an "open dormitory style," the contraband was found in Petitioner's cubicle, under the mattress of Petitioner's bunk. This location is distinguishable from a prison's kitchen, as it is clearly an area over which the inmate exercises greater dominion and personal control.

As the Eleventh Circuit has stated:

> "[t]he federal courts cannot assume the task of retrying all prison disciplinary disputes. No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' – 'whether any evidence at all' supports the action taken by the prison officials."

Young v. Jones, 37 F.3d 1457, 1460 (11th Cir. 1994) (quoting Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir.1981) (citations omitted)). Because the evidence satisfies the "some evidence" standard of Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L. Ed. 2d 356 (1985), Petitioner is not entitled to relief.

The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 8th day of February, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA